IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMMEL COMPANIES, INC.; PITT OHIO EXPRESS, LLC; PITT OHIO EXPRESS, INC., | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. |
| v. | ) ) ) JURY TRIAL DEMANDED |
| OOSHIRTS, INC., d/b/a/ TEECHIP; | ) ) |
| Defendants. | ) |

## COMPLAINT – CIVIL ACTION

And now come Plaintiffs Hammel Companies, Inc..; PITT OHIO Express, LLC; and PITT OHIO Express, INC. (collectively, "PITT OHIO"), through their counsel, Burns White LLC, and files this Complaint – Civil Action, alleging that Defendant ooShirts, Inc., d/b/a TeeChip ("TeeChip") has engaged in multiple instances of trademark infringement. In support of its Complaint, PITT OHIO avers as follows:

### I. Jurisdiction & Venue

1. This Court has subject matter jurisdiction over PITT OHIO's claims for trademark infringement and related claims pursuant to 15 U.S.C. §§ 1121 (creating jurisdiction in federal courts to hear issues arising out of the Lanham Act) and 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction for issues relating to trademarks). This Court has supplemental jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. § 1338(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because TeeChip has a sufficient connection with the Western District of Pennsylvania, all as alleged in this Complaint.

## II. Parties

3. Hammel Companies, Inc. is a Delaware corporation registered to do business in Pennsylvania with a principal place of business located at 15 27th Street Pittsburgh, PA 15222.

4. PITT OHIO Express, Inc. is a Pennsylvania corporation with a principal place of business located at 15 27th Street Pittsburgh, PA 15222.

5. PITT OHIO Express, LLC is a Pennsylvania limited liability company with a principal place of business located at 15 27th Street Pittsburgh, PA 15222.

6. Upon information and belief, ooShirts, Inc. is a California corporation located at 41454 Christy Street Fremont, CA 94538, which conducts business under the name "TeeChip".

## III. Factual Background

7. "PITT OHIO" is a registered trademark of Hammel Companies, Inc., the parent entity and sole owner of both PITT OHIO Express, LLC and PITT OHIO Express, Inc. Hammel Companies, Inc. has granted licenses to both PITT OHIO Express, LLC and PITT OHIO Express, Inc to use that trademark in conjunction with their respective business.

8. In addition to the name "PITT OHIO," Hammel Companies, Inc. has exclusively licensed the use of additional registered trademarks, such as the text logo and names relating to PITT OHIO to both PITT OHIO Express, LLC and PITT OHIO Express, Inc (said name and marks herafter referred to as the "Protected Materials").

9. In an effort to protect the Protected Materials, promote consistency in the use of the Protected Materials, and ensure that PITT OHIO maintains control over the way its products and services are portrayed to the marketplace and the public, PITT OHIO has adopted a Style Guide that specifically articulates the manner in which the Protected Materials may be used.

10. Per its company website, TeeChip "provides an internet-based platform that allows its users to design and sell their own T-shirts and other merchandise." Upon information and belief, TeeChip accepts designs from its users, produces the printed materials, markets those materials on social media and other online venues, and sells the materials to the end user.

11. Importantly, TeeChip's website promises that the company "contractually prohibit[s its] users from designing or selling merchandise that infringes the intellectual property rights of third parties (including without limitation copyright, trademark, and related rights)."

12. Despite this statement, TeeChip knowingly accepted, marketed, and sold designs using Protected Material through its website and, in the process, realized income due to the misappropriation of PITT OHIO's trademarked Protected Materials. TeeChip's use of the Protected Materials was inconsistent with PITT OHIO's trademark rights and the language of the Style Guide and was never authorized in any manner by PITT OHIO.

13. On or before March 2, 2016, an employee of PITT OHIO discovered that TeeChip listed on its website a sweatshirt that contained Protected Material.

14. That sweatshirt read: "I work at PITT OHIO because I don't mind hard work[.] If I wanted to do something [e]asy, I'd call your mom."

15. On or before March 2, 2016, Tiffany Schneider, an employee of PITT OHIO, called TeeChip to notify the company about the improper reproduction of Protected Material. Ms. Schneider was assured that the objectionable sweatshirt would be removed within 2-3 days.

16. Ms. Schneider confirmed her telephone conversation in a March 2, 2016 e-mail to TeeChip using the proper method and language required by the company to notify it of any potential copyright infringement.

17. On or before May 11, 2016, an employee of PITT OHIO discovered that the design remained for sale on TeeChip's website, this time as a t-shirt.

18. Ms. Schneider again called TeeChip to notify the company of the violation and was assured that it would be removed as soon as possible. She memorialized that conversation per the company's requested method and language in a May 11, 2016 e-mail to TeeChip.

19. On or before June 1, 2016, an employee of PITT OHIO discovered that another design using Protected Material appeared for sale on TeeChip's website.

20. That sweatshirt read: "Never underestimate the power of a woman who works at PITT OHIO."

21. Once more, Ms. Schneider contacted TeeChip to notify the company of the violation. She memorialized that conversation per the company's requested method and language in a May 11, 2016 e-mail to TeeChip.

22. On June 10, 2016, PITT OHIO, through counsel, sent a cease and desist letter ("Letter") to TeeChip demanding that the company "cease and desist from any further action which infringes upon the PITT OHIO trademarks and copyrights."

23. In addition to ceasing the design and distribution of products containing Protected Materials, the Letter requested, *inter alia*, the names of individuals requesting or purchasing designs with Protected Materials, an accounting of all sales of Protected Materials, and an assurance that TeeChip would cease producing and selling products with Protected Materials.

24. On July 14, 2016, an employee of PITT OHIO again discovered that the original design, "I Work at PITT OHIO Because…", had reappeared for sale on TeeChip's website.

25. On August 29, 2016, an employee of PITT OHIO discovered another design produced by TeeChip, as advertised on Facebook, which read: "I work at PITT OHIO. I solve problems you don't know you have in ways you can't understand."

26. In each instance, the design and product were placed on advertisements that appeared to the public on Facebook and, upon information and belief, other forums.

27. TeeChip used Protected Materials and sold merchandise containing Protected Materials to the public knowing that the public would identify them as PITT OHIO's Protected Materials.

**Count I: Registered Trademark Infringement**
**15 U.S.C. § 1125(a)**

28. PITT OHIO incorporates by reference the averments in Paragraphs 1 through 27 as if fully restated herein.

29. TeeChip's activities constitute infringement of PITT OHIO's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

30. As PITT OHIO advertises its products and services under the Protected Materials, they are the means by which PITT OHIO's products and services are distinguished from the products and services of others in the same field or related fields.

31. Because of PITT OHIO's continuous and exclusive use of these Protected Materials, they have come to mean, and are understood by customers, end users, and the public to signify, PITT OHIO's products and services.

32. TeeChip's wrongful conduct includes the intentional use or reproduction of PITT OHIO's marks, name, and/or imitation visual designs in connection with their products and services.

33. TeeChip's activities are likely to lead the public to incorrectly conclude that the infringing materials that TeeChip is advertising, marketing, or selling originate from or are authorized by PITT OHIO, to the damage and harm of PITT OHIO, its licensees, and the public.

34. As a result of the wrongful conduct, TeeChip is liable to PITT OHIO for trademark infringement. 15 U.S.C. § 1114(1). PITT OHIO has suffered and is entitled to recover damages, which include any and all profits TeeChip has made as a result of the wrongful conduct. 15 U.S.C. § 1117(a).

35. Additionally, and due to clear evidence of intentional and willful misconduct, the award of the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b). Alternatively, PITT OHIO is entitled to statutory damages under 15 U.S.C. § 1117(c).

36. PITT OHIO is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, offered or distributed by TeeChip pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A). PITT OHIO has no adequate remedy at law for TeeChip's wrongful conduct because, among other things: (a) PITT OHIO's Protected Materials are unique and valuable property which have no readily determinable market value; (b) TeeChip's infringement constitutes harm to PITT OHIO such that PITT OHIO could not be made whole by any monetary award; (c) if TeeChip's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d) TeeChip's wrongful conduct, and the resulting damage to PITT OHIO, is continuing.

37. PITT OHIO is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

## Count II: Trademark Infringement
## Pennsylvania Common Law

38. PITT OHIO incorporates by reference the averments in Paragraphs 1 through 37 as if fully restated herein.

39. In addition to the federal registrations owned by PITT OHIO as set forth above, PITT OHIO owns and uses the mark "PITT OHIO" in association with its products and services as alleged above.

40. Plaintiff owns and enjoys common law rights in Pennsylvania and throughout the United States to the trademark "PITT OHIO," which are superior to any rights which TeeChip may claim.

41. The use of the Protected Material by TeeChip in the Commonwealth of Pennsylvania and elsewhere throughout the United States will cause – and likely has caused – confusion as to the source of TeeChip's products in that purchasers thereof will associate or have associated such products with and as originating with PITT OHIO, all to PITT OHIO's detriment.

42. Defendants' infringement will continue unless enjoined by this Court.

## Count III: False Designation
## 15 U.S.C. § 1125(a)

43. PITT OHIO incorporates by reference the averments in Paragraphs 1 through 42 as if fully restated herein.

44. TeeChip has used PITT OHIO's Protected Materials and/or imitated those Protected Materials, specifically names and logos, in connection with its own goods or services.

45. TeeChip's use of Protected Materials constitutes a false designation of origin, false or misleading description, or false or misleading representation that is likely to create

confusion or deceive as to: 1) the existence of any connection or association of TeeChip with PITT OHIO; 2) the origin, sponsorship, or approval of TeeChip's products by PITT OHIO; or 3) the propriety of TeeChip's unauthorized use of Protected Materials in such a way as to cast PITT OHIO in a negative light.  As a consequence of each, TeeChip's conduct is likely to adversely affect PITT OHIO's relationships with its customers.

46. PITT OHIO has no control over the content, nature and quality of the products manufactured and sold by TeeChip.  Any failure or neglect by TeeChip in providing such products will reflect adversely on PITT OHIO as the believed source of origin thereof, hampering efforts by PITT OHIO to continue to protect its reputation for high quality and resulting in PITT OHIO's loss of the expenditures made in promoting its product under its Protected Materials.

47. As a result of the foregoing, PITT OHIO is and will continue to be irreparably harmed.

48. As displayed by the constant re-emerging graphics and language using Protected Materials on TeeChip's website, TeeChip's false designation of origin will continue unless enjoined by this court.

### Count IV: False Designation
### Pennsylvania Common Law

49. PITT OHIO incorporates by reference the averments in Paragraphs 1 through 48 as if fully restated herein.

50. TeeChip has used PITT OHIO's Protected Materials in the production, marketing, and sales of t-shirts, sweatshirts and possibly, by virtue of TeeChip's fluid business model, other printed materials.

51. TeeChip's use of Protected Materials constitutes the passing off of its goods as those of PITT OHIO, leading to confusion on the part of customers and potential customers, and those activities have directly or indirectly reached people in the Commonwealth of Pennsylvania.

52. TeeChip's conduct was and is fraudulent, oppressive, malicious, and in conscious disregard of the rights of PITT OHIO, and PITT OHIO is therefore entitled to punitive damages against TeeChip.

53. TeeChip's activities described above constitute unfair and deceptive trade practices and false designation of origin in violation of Pennsylvania common law.

54. TeeChip's conduct described herein has and will continue to cause PITT OHIO serious and irreparable damage for which there is no adequate remedy at law unless TeeChip is immediately and permanently enjoined by this Court.

### Count V: Imposition of Constructive Trust Upon Profits
### Pennsylvania Common Law

55. PITT OHIO incorporates by reference the averments in Paragraphs 1 through 54 as if fully restated herein.

56. TeeChip's conduct constitutes deceptive and wrongful conduct in the nature of passing off the misappropriated Protected Materials as genuine PITT OHIO products or merchandise as though approved or authorized by PITT OHIO.

57. By virtue of TeeChip's unlawful conduct, TeeChip has illegally received money and profits rightfully belonging to PITT OHIO.

58. Upon information and belief, TeeChip holds the illegally received money and profits in the form of bank accounts, real property, or personal property that may be located and traced.

59. By virtue of PITT OHIO's entitlement to any profits earned by TeeChip resulting from its unlawful use of Protected Materials, TeeChip holds the money and profits it illegally received as a constructive trustee for the benefit of PITT OHIO.

### Count VI: Accounting
### Pennsylvania Common Law

60. PITT OHIO incorporates by reference the averments in Paragraphs 1 through 59 as if fully restated herein.

61. PITT OHIO is entitled, pursuant to 15 U.S.C. § 1117 and Pennsylvania common law, to recover any and all profits of TeeChip that are attributable to the acts of infringement.

62. PITT OHIO is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of TeeChip's acts of infringement.

63. The amount of money due from TeeChip to PITT OHIO is unknown to PITT OHIO and cannot be ascertained without a detailed accounting by TeeChip of the precise number of units of infringing material marketed, offered, or distributed by TeeChip.

### Prayer for Relief

WHEREFORE, PITT OHIO respectfully requests judgment as follows:

1) That the Court enter a judgment against TeeChip as indicated below:

    a. That TeeChip has infringed PITT OHIO's rights by using or reproducing the trademarked Protected Materials in violation of 15 U.S.C. § 1114;

    b. That the infringement was committed either intentionally or with reckless disregard for PITT OHIO's rights; and

    c. That TeeChip has otherwise injured the business reputation and business of PITT OHIO by the acts and conduct set forth in this Complaint.

2) That the Court issue injunctive relief against TeeChip, and that TeeChip and its agents,

representatives, servants, successors and assigns, and all others in active concert or participation with TeeChip, be enjoined and restrained from accepting designs, producing any clothing or other good, marketing to prospective or existing customers, selling, or giving away any product or material bearing PITT OHIO's Protected Materials.

3) That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) impounding all materials bearing any of the Protected Materials in TeeChip's possession or control.

4) That the Court enter an order declaring that TeeChip hold in trust, as constructive trustees for the benefit of PITT OHIO, the illegal profits obtained from their distribution of infringing products and requiring TeeChip to provide PITT OHIO a full and complete accounting of all amounts due and owing to PITT OHIO as a result of TeeChip's illegal activities.

5) That the Court order TeeChip to pay PITT OHIO's general, special, actual, and statutory damages as follows:

   a. PITT OHIO's damages and TeeChip's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for TeeChip's violation of PITT OHIO's registered trademarks and service mark, or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

   b. PITT OHIO's damages and TeeChip's profits pursuant to Pennsylvania common law.

6) That the Court order TeeChip to pay to PITT OHIO both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action.

7) That the Court grant to PITT OHIO such other and additional relief as is just and proper.

Respectfully submitted,

BURNS WHITE LLC

*/s/*  Katherine J. McLay
Mark Stadler, Esq. (PA ID 35169)
Manning J. O'Connor II (PA ID 38983)
Katherine J. McLay (PA ID 320191)

Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212
Tel: (412) 995-3057
Fax: (412) 995-3300

Email:   mjstadler@burnswhite.com
         mjoconnor@burnswhite.com
         kjmclay@burnswhite.com

Attorneys for Plaintiffs